WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conley 360 LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Torrey Pines Development Group LLC,<br><br>　　　　　Defendant. | No. CV-23-01078-PHX-GMS<br><br>**ORDER** |
| Torrey Pines Development Group LLC,<br><br>　　　　　Counter Claimant,<br><br>v.<br><br>Conley 360 LLC,<br><br>　　　　　Counter Defendant. | |

Pending before the Court is Defendant's Motion for Leave to File Third-Party Complaint (Doc. 45), Defendant's Motion for Sanctions (Doc. 60), and Plaintiff's Rule 41 Motion to Dismiss Its Own Complaint with Prejudice and Strike Its Own Answer (Doc. 61). The Court heard oral argument on Defendant's Motion for Leave and Motion for Sanctions on January 10, 2025. For the reasons below, the Court grants both of Defendant's Motions. As to Plaintiff's Rule 41 Motion to Dismiss, the Court grants the parties an opportunity to submit supplemental briefing.

## BACKGROUND

Plaintiff and Counterclaim Defendant Conley 360, LLC ("Conley") contracted in

December 2020 with Defendant and Counterclaimant Torrey Pines Development Group, LLC ("Torrey Pines") to provide interior design, project management, on-site and installation services, and merchandise for a senior living facility in Juneau, Alaska developed by Torrey Pines. (Doc. 1-4 at 3). On May 11, 2023, Conley asserted breach-of-contract, anticipatory repudiation, and breach of good faith and fair dealing claims arising from the Design Services and Merchandise Agreement (the "Agreement") with Torrey Pines. (Doc. 1-4 at 3). In its Complaint, Conley alleges that, although Conley was ready to ship and install merchandise according to the Agreement, Torrey Pines's failure to provide forms required by the Agreement resulted in project delays. (Doc. 1-4 at 4-5). Conley further alleged that Torrey Pines's counsel communicated that Torrey Pines did not intend to comply with the Agreement, including payment of additional amounts due to Conley. (*Id.* at 5). On June 22, 2023, Torrey Pines filed an Answer and Counterclaim, asserting breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, conversion, and fraudulent misrepresentation. (Doc. 7). Torrey Pines asserts that Torrey Pines had performed according to the Agreement and that Conley intentionally withheld information and mislead Torrey Pines, which resulted in Torrey Pines being forced to engage another supplier and miss the planned opening date. (Doc. 7 at 21-22).

Discovery commenced July 2023. The Court initially ordered discovery due by February 9, 2024 (Doc. 35); however, in January 2024, the Court granted Conley's request to modify the Scheduling Order to close discovery on March 15, 2024. (Doc. 37). On February 16, 2024, Torrey Pines filed a Motion for Leave to File Third-Party Complaint against Conley's Chief Executive Officer, Jason Shuster, and President, Devon Shuster (together, the "Shusters"), alleging fraudulent misrepresentation and alter ego liability. (Doc. 45). Torrey Pines asserts that discovery responses and production reveal the Shusters "personally participated in fraudulently misrepresenting Conley's ability to perform under the parties' [Agreement]," and as such, requests leave to join the Shusters as counterclaim defendants and assert the additional claims against them. (Doc. 45 at 2). On May 16, 2024, Torrey Pines filed a Motion for Sanctions due to Conley's spoliation of correspondence,

spoliation of purchase information, and failure to produce its QuickBooks financial information. (Doc. 60 at 1-2). Torrey Pines additionally seeks attorney fees. (*Id.*). Both Motions are fully briefed by the parties.

On May 22, 2024, Conley filed a Rule 41 Motion to Dismiss Its Own Complaint with Prejudice and Strike Its Own Answer. (Doc. 61). Specifically, Conley asks the Court to accept dismissal with prejudice and accepts that the Court will enter judgment against it in favor of Torrey Pines on both of Conley's claims and Torrey Pines's counterclaims. (*Id.* at 2).

## DISCUSSION

### I.  Torrey Pines's Motion for Leave to File Third-Party Complaint

#### a.  Legal Standard

Rule 13(h) authorizes joinder of parties pursuant to Rules 19 and 20. With regard to permissive joinders, Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Rule 20(a) imposes two requirements for the permissive joinder of defendants: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1375 (9th Cir. 1980).

#### b.  Analysis

Torrey Pines's claims against the Shusters as a counterclaim defendant satisfy the two, Rule 20(a) requirements. *See Desert Empire Bank*, 623 F.2d at 1375. First, Torrey Pines's claims against both the Shusters and Conley arose out of the same series of

occurrences. That is, Conley's alleged nonperformance, intentionally withholding information and misleading Torrey Pines, and refusal to answer requests for assurances arises out of the same occurrences as the Shusters alleged intentional omission of information and misrepresentations in furtherance of Conley's business and personal benefit. (Doc. 7 at 21-22; Doc. 45-1 at 25-26). Second, Torrey Pines's action against both defendants raise questions of law and fact common to both parties. It is in the interest of expediency and convenience to join the Shusters as defendants to Torrey Pines's counterclaims. *See League to Save Lake Tahoe*, 558 F.2d at 917.

Conley asserts that the Court must deny the Motion because the proposed counterclaim amendments are futile. *See Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991) ("A court may deny leave to amend where the amendment would be futile or subject to dismissal."). Torrey Pines's fraud claims are not futile and, therefore, the Motion is denied. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (finding leave to amend should be "freely given when justice so requires" and that that policy should "be applied with extreme liberality").

Finally, Torrey Pines demonstrated "good cause" to join the Shusters as counterclaim defendants. *See AmerisourceBergen Corp. v. Dialysist West, Inc*. 465 F.3d 946, 952 (9th Cir. 2006) (holding that where parties do not file their motion to leave within the deadline set by the court, they must "satisfy the more stringent 'good cause' showing required under Rule 16") (quoting FED. R. CIV. P. 16(b)(4)). The good cause inquiry focuses on the moving party's reasons for seeking modification; however, the inquiry should end if the moving party was not diligent. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Torrey Pines acted diligently. Further, as discussed later in this Order, Conley has obstructed discovery, indicating any delay caused by the Court granting Torrey Pines's Motion for Leave would not prejudice Conley, as Conley itself has delayed discovery in this lawsuit.

Thus, Torrey Pines has established good cause to seek amendment of its Counterclaim, and Torrey Pines's Motion to Leave to amend its counterclaims is granted.

### II.   Torrey Pines's Motion for Sanctions
#### a. Spoliation of Electronically Stored Information

Torrey Pines asserts that Conley failed to preserve two sets of discoverable information: (1) correspondence with various vendors used for the project at issue in this case (the "Juneau Project") and (2) purchase information relating to the Juneau Project. (Doc. 60 at 1-2). Torrey Pines seeks both to prohibit Conley from making arguments related to its interaction with its vendors under Rule 37(e)(1) and to infer that such evidence, if it existed, would tend to favor Torrey Pines under Rule 37(e)(2).

Rule 37(e) applies when electronically stored information ("ESI") "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." *Jones v. Riot Hosp. Grp., LLC*, 95 F.4th 730, 734-34 (9th Cir. 2024). The party seeking sanctions under Rule 37(e) must, as a threshold duty, show that ESI is lost and should have been preserved. *See* FED. R. CIV. P. 37(e) 2015 Advisory Committee's Note. The Court "may order measures no greater than necessary to cure the prejudice." FED. R. CIV. P. 37(e)(1). Where the Court finds "that the party acted with the intent to deprive another party of the information's use in the litigation," the Court may make an adverse inference or default judgment. *Id.* at 37(e)(2).

Conley does not dispute that it failed to preserve all of its emails with vendors related to the Juneau Project—emails which relate to both the timing and fulfillment of purchase orders, as well as alleged costs and damages. (Doc. 67 at 3) ("Conley admits that its employees may have deleted emails with vendors since filing suit."). Nor does Conley dispute that its communications should have been preserved, (Doc. 67 at 4), and that it failed to take reasonable steps to preserve it. (Doc. 67 at 3-4) ("Conley's employees utilize their emails to communicate about various projects and delete read emails during the ordinary course of business. Conley admits that its employees may have deleted emails with vendors since filing suit."). Despite Torrey Pines's efforts to replace the deleted correspondence by serving subpoenas on vendors that Torrey Pines believes were

significantly involved with Conley for the order of merchandise, (Doc. 60-3 at 58), many communications remain missing and undiscoverable. *See Burris v. JPMorgan Chase & Co.*, 566 F.Supp.3d 995, 1011 (D. Ariz. 2021) ("[T]he court must determine whether . . . the ESI cannot be restored or replaced through additional discovery.") (quoting Porter v. City & Cnty. of S.F., No. 16-cv-03771, 2018 WL 4215602, at *3 (N.D. Cal. Sept. 5, 2018).

The Court next turns to prejudice and intent. "The prejudice inquiry looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Forcing Torrey Pines to go to trial without an opportunity to further explore when Conley placed orders in relation to Conley's communications with Torrey Pines would undoubtedly prejudice Torrey Pines's trial preparation. Accordingly, sanctions under Rule 37(e)(1) are authorized.

Rule 37(e)(2) authorizes sanctions "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." FED. R. CIV. P. 37(e)(2). "Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions." *Burris*, 2024 WL 1672263, at *2. Conley was on notice and failed to preserve relevant evidence, both before Conley filed its initial complaint and after litigation began. As such, a finding that Conley intentionally deleted the emails is justified. *See Compass Bank v. Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040, 1051-52 (S.D. Cal. 2015) ("A party's destruction of evidence is considered willful if the party has some notice that the evidence was potentially relevant to the litigation before it was destroyed. Once the duty to preserve attaches, a party must suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation.") (cleaned up) (internal quotations omitted); *see also Jones v. Riot Hosp. Grp., LLC*, No. cv-17-04612, 2022 WL 3682031, at * 10 (D. Ariz. Aug. 25, 2022) (finding intent where the spoliating party deleted text messages after the party knew or should have known to preserve and did not credibly explain failure to preserve). Sanctions under Rule 37(e)(1)

and 37(e)(2) are warranted.

### i. Sanctions

The following sanctions are appropriate as to the email communications with vendors.

The Court will give an instruction at trial allowing the jury to draw an adverse inference based on Conley's deletion of an unknown number of communications with vendors. The parties should discuss the appropriate form of the instruction and include proposals in their submission of jury instructions for the final pretrial conference in this case.

Torrey Pines will be permitted at trial to present evidence of Conley's failure to preserve the communications with vendors and, at a minimum, to argue to the jury that the emails could have been helpful to demonstrate that "purchase orders were not sent on dates claimed by Conley and/or were submitted on terms that Conley did not fulfill (e.g., incomplete proforma terms, partial or unpaid deposits, etc.)." (Doc. 60 at 6).

### b. Production of Financial Records

In its Second Set of Interrogatories and Document Requests, Torrey Pines requested Conley produce all of its "financial records from January 1, 2022 related to [the Juneau] Project, through the present, including without limitation a complete copy of QuickBooks or similar accounting platform." (Doc. 60-3 at 25). Torrey Pines now requests the Court order Conley to produce its QuickBooks pursuant to the Protective Order.[1] (Doc. 60 at 3). Torrey Pine's request is granted.

The Federal Rules of Civil Procedure provide for discovery of any relevant, non-privileged material that is proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Conley does not dispute relevance. (Doc. 60-3 at 25). As to proportionality, Torrey Pines's request is limited to financial records

---

[1] This request should have been brought as a motion to compel pursuant to Rule 37(a)(2)(B), not a motion for sanctions.

- 7 -

related to the Juneau Project and within a limited time frame. As such, it is not overly broad. *Contra Insight Psych. and Addiction, Inc. v. City of Costa Mesa*, No. 8:20-cv-00504, 2021 WL 6102425, at *3 (C.D. Cal. Oct. 29, 2021) ("[T]he Court finds that an order requiring the production of the entirety of Insight's 160,000 QuickBooks entries, spanning 8 years, without regard to whether the entries relate to operations within or outside the City of Costa Mesa, and without regard to the nature of any transaction or entry, would not be proportionate to the needs of the case."). The Court orders Conley to produce its QuickBooks.

### c. Attorney Fees

"Courts may award reasonable attorney fees as a sanction for discovery abuse." *Colonies Partners*, 2020 WL 1496444, at *12 (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993)). Rule 37(e)(1) permits courts to award costs and fees associated with spoliation. *Id.* (finding attorney fees appropriate under Rule 37(e) given a finding of prejudice for spoliation of text messages and emails); *see also RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 522 (finding attorney fees available for spoliation under Rule 37(e)(2) upon a finding of prejudice to the party deprived of the information). As discussed above, Torrey Pines is prejudiced by Conley's spoliation of communication with vendors. As such, the Court requires Conley to pay Torrey Pines's attorney fees and costs associated with preparing for and litigating the Motion for Sanctions (Doc. 60). The Court grants Torrey Pines leave to file a motion for award of attorney fees and supporting declarations pursuant to Local Rule of Civil Procedure 54.2(b).

### III. Conley's Rule 41 Motion to Dismiss

In light of this Order, the Court grants the parties an opportunity to submit supplemental briefing as to Conley's Rule 41 Motion to Dismiss by Friday, January 31, 2025.

Accordingly,

**IT IS HEREBY ORDERD** Torrey Pines's Motion for Leave (Doc. 45) is **granted** with leave to amend its counterclaims pursuant to this order and within seven days of the

date this order is filed.

**IT IS FURTHER ORDERED** that Torrey Pines's Motion for Sanctions (Doc. 60) is **granted** pursuant to this Order.

**IT IS FURTHER ORDERED** that Conley produce its QuickBooks in native form for all entries related to the Juneau Project from January 1, 2022 through present no later than **Tuesday, February 18, 2025**.

**IT IS FURTHER ORDERED** the parties shall provide supplemental briefing on the outstanding Rule 41 Motion (Doc. 61) by **Friday, January 31, 2025**.

**IT IS FURTHER ORDERED** that Torrey Pines file and serve a motion for award of attorney fees and related non-taxable expenses, along with a supporting memorandum of points and authorities within 14 days of the entry of judgment in this action, pursuant to LRCiv. 54.2.

Dated this 16 day of January, 2025.

_____
G. Murray Snow
Senior United States District Judge